IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2011 NOV -7 PM 4: 2:

CLERK
SO. DIST. OF GA.

THOMAS L. PYBURN,

Petitioner,

v.            CIVIL ACTION NO.: CV211-121

SHEILA OUBRE, Warden, and
ATTORNEY GENERAL OF
STATE OF GEORGIA,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Thomas Pyburn ("Pyburn") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his incest conviction obtained in Glynn County Superior Court. Respondent filed an Answer-Response, and Pyburn filed a Reply. For the reasons which follow, Pyburn's petition should be **DENIED**.

## STATEMENT OF THE CASE

After a jury trial, Pyburn was convicted of aggravated child molestation, two counts of cruelty to children in the first degree, and incest. (Doc. No. 5-1, p. 1). Pyburn moved for a new trial, and the trial court vacated his convictions for cruelty to children, due to insufficiency of evidence, and granted him a new trial on the charge of aggravated child molestation, due to ineffective assistance of counsel. (Doc. No. 5-1, p. 2). The trial court denied Pyburn's motion for new trial as to his incest conviction. Id. Pyburn appealed his incest conviction, and the Georgia Court of Appeals affirmed his conviction and twenty-year sentence. Id.

Pyburn filed a petition for writ of habeas corpus, challenging his incest conviction, in the Superior Court of Dooly County. In his petition, as amended, Pyburn alleged: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; (3) abuse of discretion by the trial court; (4) the trial court gave an erroneous jury charge; and (5) the indictment against him was invalid. (Docs. No. 7-2, 7-3). The habeas court denied Pyburn's requested relief. (Doc. No. 7-16). The Georgia Supreme Court denied Pyburn's application for a certificate of probable cause to appeal the denial of his state habeas corpus petition. (Doc. No. 5-1, p. 2).

In the instant petition, Pyburn contends that his trial counsel was ineffective in that counsel lacked experience to try his case, failed to seek funds for a DNA expert witness, and made inappropriate statements to the jury. Pyburn contends that his appellate counsel was ineffective in that counsel failed to obtain a DNA expert witness and failed to raise claims of ineffective assistance of trial counsel. Pyburn also argues that the trial court abused its discretion when it failed to grant Pyburn's motion for new trial and broadened the scope of the indictment via an improper jury charge. Pyburn also alleges that the trial court gave an erroneous jury charge. Finally, Pyburn alleges that the indictment against him was invalid. Respondent denies each allegation and avers that Pyburn's petition should be denied.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, which governs this case, sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

AO 72A
(Rev. 8/82)

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under § 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State courts application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

\O 72A
Rev. 8/82)

# DISCUSSION AND CITATION TO AUTHORITY

## I. Ineffective assistance of counsel

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Id. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313 (internal punctuation and citations omitted). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689–90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

4

### A. Ineffective assistance of trial counsel

Pyburn asserts that his trial counsel was ineffective, violating Pyburn's Fifth, Sixth, and Fourteenth Amendment rights. Pyburn raised this ground in his state habeas corpus petition; the state habeas corpus court determined that the issue was procedurally barred from consideration in the state habeas proceeding because the issue was ruled upon in the direct appeal. Respondent contends that the decision of the Georgia Court of Appeals, which was that this contention lacked merit, should be given deference.

During Pyburn's direct appeal, the Georgia Court of Appeals applied Varner v. State, 676 S.E.2d 189, 191 (Ga. 2009), a decision by the Supreme Court of Georgia providing a standard identical to Strickland, to two errors allegedly committed by trial counsel. (Doc. No. 7-1). First, the Georgia Court of Appeals determined that trial counsel's failure to obtain a DNA expert witness did not prejudice Pyburn, within the meaning of Strickland and Varner, because DNA evidence was not the sole link between Pyburn and the alleged crime of incest, as he was convicted of incest by adoption. Second, the court found that some of trial counsel's statements to the jury did constitute a deficient performance, but that, due to the weight of evidence against him, Pyburn did not establish that there was a reasonable probability that counsel's performance had an impact on the jury's verdict.

The Georgia Court of Appeals' adjudication on Pyburn's claim of ineffective assistance of trial counsel was not contrary to nor an unreasonable application of clearly established federal law. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence presented.

### B. Ineffective assistance of appellate counsel

Pyburn asserts that his appellate counsel was ineffective, violating Pyburn's Fifth, Sixth, and Fourteenth Amendment rights. Respondent contends that the decision of the state habeas corpus court, which decided this ground adversely to Pyburn, should be given deference.

The state habeas corpus court applied Strickland to one error allegedly committed by appellate counsel and determined that Pyburn failed to meet the Strickland standard to show that his appellate counsel was ineffective. (Doc. No. 7-16, pp. 2–5). In so doing, the court noted that Pyburn presented no substantial evidence to support his claim of ineffectiveness of appellate counsel due to failure to obtain a DNA expert witness. Specifically, the court reiterated the Georgia Court of Appeals' finding that regardless of the DNA evidence, there was sufficient evidence to convict Pyburn of incest, resulting in a lack of prejudice to Pyburn, even if appellate counsel had erred.

The state habeas corpus court's adjudication on Pyburn's ineffective assistance of appellate counsel claim was not contrary to nor an unreasonable application of clearly established federal law. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence presented.

### C. Claims not presented in a state court proceeding

In the instant petition, Pyburn asserts three arguments in support of his claim for ineffective assistance of trial counsel that he did not present to the Georgia Court of Appeals. In his direct appeal, Pyburn did not allege that his trial counsel was ineffective based on lack of knowledge, skills, and experience. Pyburn also did not allege that his trial counsel was ineffective based on failure to object to testimony relating to Pyburn's

AO 72A
(Rev. 8/82)

alleged adoption of D. P. and failure to object to the jury instruction regarding incest by adoption.

Additionally, Pyburn asserts one argument in support of his claim for ineffective assistance of appellate counsel that he did not present to the state habeas corpus court. In his state habeas corpus proceeding, Pyburn did not allege that his appellate counsel was ineffective based on failure to raise the claim that trial counsel violated the contemporaneous objection rule when trial counsel did not object to D. P.'s testimony.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); See also 28 U.S.C. § 2254(b)(1). Since Pyburn did not give the state courts an opportunity to act on the aforementioned arguments for ineffective assistance of counsel, this Court is barred from reviewing the merits of those arguments.

## II. Procedurally defaulted claims

Pyburn asserts two procedurally defaulted claims as grounds for § 2254 relief. First, Pyburn asserts that the trial court abused its discretion, violating Pyburn's Fifth, Sixth, and Fourteenth Amendment rights, when it failed to ensure that Pyburn received a fair and just trial. Pyburn's allegations are as follows:

1. The trial court erred in allowing Pyburn to have ineffective counsel.

2. The trial court applied an incorrect legal standard to determine prejudice under the second prong of the Strickland test for ineffective assistance of counsel.

)72A
:v. 8/82)

3. The trial court abused its discretion when it failed to rule upon Pyburn's Motion for Funds to Hire DNA Expert.

4. The trial court broadened the scope of the indictment by charging the jury on incest by adoption.

Second, as a separate ground for habeas relief, Pyburn asserts that the trial court gave an improper jury charge on incest by adoption, allowing the jury to find him guilty of incest in a manner not listed in the indictment. Respondent contends that both claims have been procedurally defaulted under Georgia law, as the state habeas corpus court found, because the claims were not raised in the direct appeal, and Pyburn failed to show the necessary cause and prejudice to overcome the procedural bar.

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 129 S. Ct. 1769, 1780 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The Supreme Court has "held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Id. The adequacy of the procedural bar is not a matter of state law, but "is itself a federal question." Id. (internal quotation marks omitted). A three-part test is used to determine "whether the state decision rested upon an independent and adequate ground under state law: First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching

the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law." Doorbal v. Dep't of Corr., 572 F.3d 1222, 1227 (11th Cir. 2009) (internal punctuation and citations omitted). "Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion [or be manifestly unfair]." Id. (alterations in original).

Issues that could have been raised on direct appeal, but were not, are procedurally defaulted in habeas corpus proceedings, unless the petitioner shows adequate cause for failing to raise the issues earlier and actual prejudice if the issues are not heard. O.C.G.A. § 9-14-48(d). Pyburn appealed his conviction to the Georgia Court of Appeals, but he did not assert abuse of discretion by the trial court or an erroneous jury instruction as grounds for his appeal. (Doc. No. 7-1). Applying Georgia statutory and case law, the state habeas corpus court found that both claims were procedurally defaulted. (Doc. No. 7-16, pp. 5–6). Additionally, the court found that Pyburn did not show adequate cause for failing to raise the issues on direct appeal. Id.

The state habeas corpus court's decision relied exclusively on properly applied Georgia procedural law. Therefore, the state habeas court's decision rests on an independent and adequate ground under Georgia law.

## III. Invalid indictment

Pyburn asserts that the indictment was flawed, violating Pyburn's Fifth, Sixth, and Fourteenth Amendment rights. Pyburn alleges that he was in New Mexico on May 1, 1999; therefore, Georgia lacked jurisdiction over him.[1] Pyburn also alleges that the indictment is vague and that he was indicted for incest by blood and marriage but was

---

[1] Pyburn was indicted with incest that allegedly occurred between May 1, 1999, and September 30, 2001.

9

convicted for incest by adoption. Respondent contends that the decision of the state habeas corpus court, which decided this ground adversely to Pyburn, should be given deference.

"The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction." Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) (citation omitted). The United States Supreme Court has identified two constitutional requirements for an indictment: (1) it must contain the elements of the offense charged and fairly inform the defendant of the charge against which he must defend, and (2) it must enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007).

The state habeas corpus court applied Nichols v. State, 473 S.E.2d 491 (Ga. Ct. App. 1996), a decision by the Georgia Court of Appeals providing a standard substantively identical to Resendiz-Ponce, to Pyburn's claim. (Doc. No. 7-16, pp. 6–7). That court determined that the indictment sufficiently informed Pyburn of the charge against him because it charged him with the correct crime, incest, and named the correct victim, D. P. Furthermore, since the proper crime and victim were named in the indictment, Pyburn will be protected against future prosecutions against him for the same offense.

The state habeas corpus court's adjudication on Pyburn's flawed indictment claim was not contrary to nor an unreasonable application of clearly established federal law. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence presented.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Pyburn's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)