FILED
U.S. DISTRICT COURT
2011 DEC 14 AM 11:54
CLERK D Jeu
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

THOMAS L. PYBURN,

    Petitioner,

v.

SHEILA OUBRE, Warden, and
ATTORNEY GENERAL OF
STATE OF GEORGIA,

    Respondents.

CIVIL ACTION NO.: CV211-121

## ORDER

Petitioner Thomas Pyburn ("Pyburn") filed Objections to the Magistrate Judge's Report dated October 4, 2011, which recommended that Pyburn's 28 U.S.C. § 2254 petition be denied. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge found that the Georgia Court of Appeals' adjudication on Pyburn's claim of ineffective assistance of trial counsel, which was that the claim lacked merit, should be given deference. (Doc. No. 8, p. 5). Pyburn asserts that the Magistrate Judge erred because the decision of the Georgia Court of Appeals was "unreasonable" under McClain v. Hall, 552 F.3d 1245, 1254 (11th Cir. 2008). (Doc. No. 10, p. 9). However, in McClain, the Court of Appeals for the Eleventh Circuit found that the Georgia court's decision, that counsel was not ineffective, was reasonable. McClain, 552 F.3d at 1250–54. The Georgia court in McClain applied the standard announced in Strickland v. Washington, 466 U.S. 668 (1984), to McClain's ineffective assistance of

counsel claims. McClain, 552 F.3d at 1250–54. Likewise, the Georgia Court of Appeals applied an identical standard to Pyburn's ineffective assistance of trial counsel claim. The Eleventh Circuit in McClain found that the Georgia court reasonably applied the standard to McClain's claims, id.; likewise, the Magistrate Judge found that the Georgia Court of Appeals reasonably applied the standard to Pyburn's claim. The Eleventh Circuit's decision in McClain does not support a finding that the Georgia Court of Appeals' decision with regard to Pyburn's ineffective assistance of trial counsel claim was unreasonable.

Pyburn also asserts that the Georgia Court of Appeals' "adjudication of [Pyburn's] claim of ineffective assistance of trial counsel was contrary to and was an unreasonable application of clearly established federal law. As the state failed to prove each essential element of the crime as listed in the indictment." (Doc. No. 10, p. 13). Pyburn's argument goes to the sufficiency of the evidence, not to his counsel's performance. To the extent that Pyburn argues that his trial counsel's conduct resulted in the government having a lesser burden of proof (Doc. No. 10, p. 12), this Court reiterates that the Georgia Court of Appeals adequately applied the proper legal standard to the facts surrounding the performance of Pyburn's trial counsel. The Magistrate Judge correctly deferred to the Georgia Court of Appeals' decision.

The Magistrate Judge found that the Georgia habeas corpus court's adjudication on Pyburn's claim of ineffective assistance of appellate counsel, which was that the claim lacked merit, should be given deference. (Doc. No. 8, p. 6). Pyburn asserts that the Magistrate Judge erred because the Georgia habeas court "failed to hold a fair evidentiary hearing with Appellate Counsel present." (Doc. No. 10, p. 8). The Georgia

2

habeas court applied the Strickland standard to the facts surrounding the performance of Pyburn's appellate counsel. The Magistrate Judge found that the Georgia habeas court's decision was reasonable, and Pyburn has not shown otherwise. As a result, the Magistrate Judge correctly deferred to the Georgia habeas corpus court's decision.

The Magistrate Judge found that this Court is barred from reviewing the merits of one of Pyburn's arguments in support of his claim for ineffective assistance of appellate counsel because Pyburn did not present that argument to the state habeas court. (Doc. No. 8, p. 7). Pyburn asserts that that Magistrate Judge is incorrect because "Pyburn did give the state the opportunity to act but the state chose not to." (Doc. No. 10, p. 9). After reviewing Pyburn's state habeas petition, (Doc. Nos. 7-2 and 7-3), the undersigned agrees with the Magistrate Judge's determination that Pyburn did not allege that his appellate counsel was ineffective based on failure to raise the claim that trial counsel violated the contemporaneous objection rule when trial counsel did not object to D. P.'s testimony. Therefore, the Magistrate Judge was correct in finding that this Court is barred from reviewing the merits of that argument. See 28 U.S.C. § 2254(b)(1).

The Magistrate Judge found that this Court is barred from reviewing the merits of Pyburn's claims of (1) abuse of discretion by the trial court and (2) improper jury charge on incest by adoption because those claims are procedurally defaulted. (Doc. No. 8, p. 7–8). Pyburn asserts that the Magistrate Judge is incorrect because his claim of ineffective assistance of appellate counsel allows these claims to survive. (Doc. No. 10, p. 13). Additionally, Pyburn avers that he has raised his claims "in compliance with relevant state procedural rules." (Doc. No. 10, p. 15). Pyburn appealed his conviction

3

to the Georgia Court of Appeals, but he did not assert abuse of discretion by the trial court or an erroneous jury instruction as grounds for his appeal. (Doc. No. 7-1). As a result, those issues were procedurally defaulted in the state habeas proceeding, as the Georgia habeas court determined. See O.C.G.A. § 9-14-48(d). The Georgia habeas court's finding of procedural default "qualifies as an independent and adequate state ground for denying federal review." Cone v. Bell, 556 U.S. 449, 129 S. Ct. 1769, 1780 (2009) (citation omitted). Therefore, the Magistrate Judge was correct in finding that this Court is barred from reviewing the merits of those claims.

The Magistrate Judge found that the Georgia habeas corpus court's adjudication on Pyburn's claim of invalid indictment, which was that the claim lacked merit, should be given deference. (Doc. No. 8, p. 10). Pyburn asserts that the Magistrate Judge erred because the Georgia "habeas court[']s decision was based on unreasonable determination of the facts" and was "an unreasonable application of clearly established federal law." (Doc. No. 10, p. 17–18). Specifically, Pyburn emphasizes that the indictment did not did not charge him with incest by adoption. (Doc. No. 10, p. 18). However, "adopted individuals enjoy every right and privilege of a biological child[.]" Edmonson v. State, 464 S.E.2d 839, 842 (Ga. Ct. App. 1995) (overruled on other grounds) (citation omitted). Therefore, Pyburn's enumeration of error is not dispositive. The Georgia habeas court applied an identical standard to that announced in United States v. Resendiz-Ponce, 549 U.S. 102 (2007), in finding that the indictment sufficiently informed Pyburn of the charge against him. The Magistrate Judge found that the Georgia habeas court's decision was reasonable, and Pyburn has not shown

4

otherwise. As a result, the Magistrate Judge correctly deferred to the Georgia habeas corpus court's decision.

Pyburn's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Pyburn's 28 U.S.C. § 2254 petition is **DENIED**. The Clerk is authorized and directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this 14 day of December, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)